UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SADIE KNAPP,

        Plaintiff,

v.

MONROE COUNTY, NEW YORK, PATRICK O'FLYNN, ROBERT WILSON, in his official capacity and individually,

        Defendants.

_____

**DECISION AND ORDER**

6:13-CV-06569 EAW

Plaintiff Sadie Knapp ("Plaintiff") commenced the instant action on October 17, 2013. (Dkt. 1). On March 19, 2015, Defendants Monroe County, New York and Patrick O'Flynn (collectively the "Moving Defendants") filed a Suggestion of Death upon the Record representing to the Court that Plaintiff had died on or about February 7, 2014. (Dkt. 16). At no time thereafter did any party move for substitution of the proper party as required by Federal Rule of Civil Procedure 25. The Moving Defendants moved for dismissal of the Complaint pursuant to Rule 25 on July 23, 2015. (Dkt. 18). On March 7, 2016, the Court entered a Decision and Order denying the motion and extending the deadline to file a motion for substitution to May 2, 2016. (Dkt. 25). To date, no motion for substitution has been made.

The Moving Defendants filed a second motion to dismiss on June 17, 2016. (Dkt. 26). The Court set a response deadline of July 25, 2016. (Dkt. 27). At a status conference held in several related matters on July 14, 2016, Plaintiff's counsel indicated to the Court that it was unlikely that he would be filing a motion for substitution in this matter. Plaintiff did not file any opposition to the second motion to dismiss.

- 1 -

Federal Rule of Civil Procedure 25(a)(1) provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). It is undisputed no motion for substitution was made within 90 days after service of the Suggestion of Death upon the Record. "However, the Court has discretion to grant an enlargement of time to a party moving for substitution upon a showing that their failure to move for substitution within the 90 days was the result of excusable neglect." *Harp v. City of New York*, No. 01 CIV. 6604 (JGK), 2008 WL 2971702, at *2 (S.D.N.Y. July 31, 2008). "Whether failure to comply with the 90 day time limit should result in the dismissal of an action lies within the sound discretion of the trial court." *Id.*

The Court has already granted an extension of the deadline to file a motion for substitution in this matter, relying on Plaintiff's counsel's representation that Plaintiff's mother was available to be substituted into the matter and that the substitution could be accomplished in a reasonable time frame. (*See* Dkt. 25 at 2). It appears that this is no longer the case. Moreover, no showing of excusable neglect has been made with respect to the failure to move for substitution prior to the May 2, 2016 deadline set by the Court. Under these circumstances, the Court declines to further extend the deadline and grants the Moving Defendants' motion. Plaintiff's claim is dismissed pursuant to Rule 25. The Clerk of the Court is directed to close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: August 4, 2016
      Rochester, New York